GALINSKI v. SECURITY FIRE-INSURANCE CO.

APPEAL AND ERROR—FAILURE TO PROSECUTE—DISMISSAL — REINSTATEMENT—LACHES.

A motion by the surety of a plaintiff in error to reinstate an appeal dismissed for want of prosecution is properly denied where not made until five months after notice of the intention of the plaintiff in error not to prosecute.

Assumpsit by Wolf Galinski and Louis Galinski against the Security Fire-Insurance Company on a policy of insurance. There was judgment for plaintiffs, and defendant took a writ of error which was dismissed for want of prosecution: On motion of the United States Fidelity & Guaranty Company, surety on defendant's appeal bond, to reinstate said appeal. Submitted January 8, 1907. (Calendar No. 21,776.) Denied February 5, 1907.

*Moore & Moore*, for the motion.

*M. F. Guinon* and *Halstead & Halstead*, contra.

PER CURIAM. This is a motion made by the United States Fidelity & Guaranty Company of Baltimore, surety

for the appellant, to reinstate the said cause which was, on motion, dismissed for want of prosecution October 19, 1906, and to allow petitioner to be heard upon the merits in the prosecution thereof.

The grounds of such motion are that the Security Fire-Insurance Company, appellant, has become hopelessly insolvent, and is in the hands of a receiver and unable to prosecute its appeal; that petitioner was not aware of the situation in this court until recently, when the matter was placed in the hands of its Michigan attorneys who shortly afterwards gave petitioner the information that the writ of error had been dismissed for want of prosecution; that said attorneys were ordered to and did make the motion promptly, accompanying the same with an affidavit of merits as to the errors relied upon in the bill of exceptions.

The undisputed facts before us are:  That this is the usual statutory bond given to stay execution upon a judgment duly rendered, pending a review of the case in this court; that this surety company on July 31, 1906, and after the case was removed to this court, in a letter to the attorney who tried the case in the circuit court for defendant and appellant, stated that it was advised by the receiver of defendant insurance company of its dissolution, and that it could not prosecute its appeal; that by reason of such dissolution there was no liability on the part of the surety; and that it would be necessary for plaintiffs to re-enter suit against the receiver.  On August 2d plaintiffs' attorney, having been shown this letter, wrote the surety company of that fact, and informed it that, default having been made in the conditions of the bond by failure to prosecute the appeal, the surety was liable upon the bond, and demanded payment of the judgment and costs.  He wrote again August 13, 1906, calling attention to the first letter, to which no answer had been received, and stated that suit would be begun in 10 days if payment was not made.  On August 18, 1906, the surety company by its vice president acknowledged the receipt of both letters,

denied liability on the bond, and refused to consider the claim against it unless it was reduced to a judgment.

The motion to dismiss the cause from this court for want of prosecution was granted October 19, 1906. Suit on the bond was commenced October 29, 1906. Issue was joined December 19, 1906. The case was duly noticed for trial at the present term of the circuit court for Emmet county, to be held January 14, 1907. This motion under consideration was made January 8, 1907.

From this recital of these facts it will appear that this petitioner had ample notice that the case in this court would not be prosecuted by appellant, and of all the steps which were taken to enforce its liability upon this bond. It is true that it was not notified by plaintiffs of the motion to dismiss this case. It was not such a party in interest as to be entitled to notice under our practice. Its delay for five months after it had notice that appellants would not prosecute the case in this court is not denied or excused.

The authorities cited tending to support petitioner's contention that it has a right to prosecute the appeal of its principal to effect indicate that such right must be asserted promptly. The petitioner has delayed action without excuse, and must be held to have been guilty of laches.

The motion is denied.